IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KELVIN MILES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-871 (MN) |
| | ) |
| PROCTOR AND GAMBLE | ) |
| MANUFACTURING COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION</u>**

Kelvin Miles, FMC Rochester, Rochester, Minnesota, Pro Se Plaintiff.

October 23, 2019
Wilmington, Delaware

*[signature: Maryellen Noreika]*

**NOREIKA, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Kelvin Miles ("Plaintiff"), an inmate at FMC Rochester in Rochester, Minnesota, filed this action pursuant to "Title 15 15 U.S.C. Section 1102 and 63A AM 2d and under the Due Process and Equal Protection Clauses of the Fifth and Fourteenth . . . Amendments."[1] (D.I. 1 at 4). He appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 9). The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a).

## II. BACKGROUND

Plaintiff alleges that he first arrived at FMC Rochester in 2011-2012 and is being administered Haldol Deconate intramuscular injections every two weeks without his consent. (D.I. 1 at 3). Plaintiff alleges Defendants Proctor and Gamble Manufacturing Company ("Proctor and Gamble") and Astra Zeneca Pharmaceutical Company ("Astra Zeneca") manufacture Haldol. (*Id*. at 1). Plaintiff alleges that Haldol Deconate can cause Tardive Diskenesia[2] and akathisia[3] "which is uncurable when gotten." (*Id.*).

---

[1] Plaintiff is a frequent filer. A review of his prior prison conditions actions reveals that many were dismissed without requiring service of process on defendants upon a finding that they were frivolous or failed to state constitutional claims, including: *Miles v. Federal Bureau of Prisons*, No. 1-12-cv-03957 (N.D. Ga. Feb. 11, 2013); *Miles v. Ivory*, No. 8:09-cv-1606 (D. Md. June 26, 2009); *Miles v. Reginoe*, No. S-94-2663 (D. Md. Oct. 7, 1994); *Miles v. Robinson*, No. S-95-899 (D. Md. Mar. 31, 1995); *Miles v. Chance*, No. S-95-1163 (D. Md. May 1, 1995); *Miles v. Robinson*, No. S-96-695 (D. Md. Mar. 13, 1996); and *Miles v. Governor*, S-96-1921 (D. Md. June 28, 1996).

[2] A syndrome consisting of potentially irreversible, involuntary, dyskinetic movements that may develop in patients treated with antipsychotic drugs. *See* https://www.accessdata.fda.gov/drugsatfda_docs/label/2008/015923s081,018701s056lbl.pdf (last visited Oct. 22, 2019).

[3] Akathisia is a neuropsychiatric syndrome characterized by subjective and objective restlessness, and is a common side effect in patients taking antipsychotics and other

1

Plaintiff alleges that he suffered severe injuries from the direct use of dangerous and harmful pharmaceutical products of Defendants, but there are no allegations that he has developed Tardive Diskenesia or akathisia. (*Id*. at 2). Plaintiff alleges that he is forced to take Haldol, "which is considered a mind altering and mind boggling chemical drug that is still used by certain governments to punish and restrict the thinking of the individual person." (D.I. 1 at 3). Plaintiff seeks $300 million dollars as well as punitive damages. (*Id.* at 4).

### III.  LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a

---

psychotropics. *See* https://www.nlm.nih.gov/pmc/articles/PMC5516628/ (last visited Oct. 22, 2019).

2

court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim

3

has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp*., 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Unknown Statute

Plaintiff filed this action pursuant to "Title 15 15 U.S.C. Section 1102 and 63A AM 2d" and asserts that Defendants manufacture dangerous and harmful products. The Court is unable to identify the statute upon which Plaintiff relies. Moreover, his assertions of alleged wrongdoing by Defendants consist of conclusory statements and amount to nothing "more than [ ] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678. "Mere conclusory statements, do not suffice." *Id*. The Complaint simply does not meet the pleading requirements of *Twombly* and *Iqbal*. Hence, it will be dismissed.

As pled, the Complaint fails to state a claim as it lacks an arguable basis in law or in fact. It will be dismissed as frivolous and for failure to state claims upon which relief may be granted.

## B. Constitutional Claims

Plaintiff also alleges violations of his right to due process and equal protection under the Fifth and Fourteenth Amendments. To state a cause of action under 42 U.S.C. § 1983 – the statutory provision that provides for civil actions when alleging a violation of constitutional rights – a plaintiff must allege facts sufficient to indicate that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42 (1988). The federal counterpart to a § 1983 claim arises under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971). A "*Bivens* action" is a "judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials." *Banks v. Roberts*, 251 F. App'x 774, 775 (3d Cir. 2007).

To qualify as "state action," the challenged conduct "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible" and the "party charged with [such conduct] must be a person who may fairly be said to be a state actor." *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982). In addition, for private parties, like Defendants, to be held liable under § 1983, a plaintiff must allege facts sufficient to show that the private party engaged in a conspiracy with state actors to deprive him of his constitutional rights. *See Dennis v. Sparks*, 449 U.S. 24 (1980); *Adickess v. Kress & Co.*, 398 U.S. 144, 152 (1970). Similarly, to state a claim under *Bivens*, a claimant must show: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. *See Mahoney v. National Org. for Women*, 681 F. Supp. 129, 132 (D. Conn.1987) (citing *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978)).

The Complaint does not state a § 1983 claim or a *Bivens* claim. There are no allegations that Defendants are state actors or federal actors or that they engaged in a conspiracy with state or federal actors to deprive Plaintiff of his rights protected by the Constitution. The claims fail and will be dismissed as frivolous.

**C.     Amendment**

While it is far from clear that venue is appropriate in this district, Plaintiff will be given leave to amend since it appears plausible that he may be able to articulate a claim against Defendants or name alternative defendants. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

**D.     Request for Counsel**

Plaintiff requests counsel on the grounds that he has no background in legal education and has a middle school education. (D.I. 4). A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[4] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the

---

[4]     *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

To date, there is no operative pleading, it is far from clear that Plaintiff has named the correct Defendants, and no Defendant has been served. The request is premature. Therefore, the Court will deny Plaintiff's request for counsel without prejudice to renew.

## V.     CONCLUSION

For the above reasons, the Court will: (1) deny without prejudice to renew Plaintiff's request for counsel (D.I. 4); (2) dismiss the Complaint as legally frivolous and for failure to state claims upon which relief may be granted pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1); and (3) give Plaintiff leave to file an amended complaint.

An appropriate Order will be entered.