IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KELVIN MILES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 19-871 (MN) |
| PROCTOR AND GAMBLE MANUFACTURING COMPANY, et al., | ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM**

At Wilmington this 8th day of April 2020:

1. **Introduction**. Plaintiff Kelvin Miles ("Plaintiff"), an inmate at FMC Rochester in Rochester, Minnesota, filed this action pursuant to "Title 15 15 U.S.C. Section 1102 and 63 A AM 2d and under the Due Process and Equal Protection Clauses of the Fifth and Fourteenth . . . Amendments." (D.I. 1 at 4). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 9). On December 10, 2019, the Court dismissed and closed the case after Plaintiff failed to file an amended complaint timely. (*See* D.I. 20). In turn, Plaintiff filed a motion for new trial and show cause order, construed as a motion for reconsideration. (D.I. 21). Plaintiff also requests counsel. (D.I. 20).

2. **Motion for Reconsideration**. The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent

manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

3. Plaintiff asks the Court to review his complaint again. He asks to reopen the case and contends the complaint states a "claim of facts" that is not frivolous. (D.I. 21 at 2). Plaintiff advises the Court that he did not respond to the order giving leave to amend because "of strong memory loss" as a result of medication he took for about two to four years. (*Id*.).

4. The Court has reviewed Plaintiff's complaint and finds no basis to change the order dismissing it. Given Plaintiff's *pro se* status, however, the Court will reopen the case and give Plaintiff one final opportunity to file an amended complaint.

5. **Request for Counsel**. Plaintiff submitted a request for counsel, signed by him but prepared by a pretrial detainee who is assisting Plaintiff. (D.I. 20). The motion indicates that Plaintiff "cannot fend for himself." Medical records from January 2018 submitted with the request indicate that Plaintiff suffers from depression and is administered psychotropic medication. The Court has reviewed Plaintiff's previous request for counsel (*see* D.I. 13) where he sought

counsel on the grounds that he lacks "attorney experience" and competent counsel is necessary. The Court takes judicial notice that Plaintiff is a frequent filer and that many of his cases were dismissed without requiring service of process on defendants upon a finding that they were frivolous or failed to state constitutional claims, including: *Miles v. Federal Bureau of Prisons*, C.A. No. 1-12-cv-03957 (N.D. Ga. Feb. 11, 2013); *Miles v. Ivory*, C.A. No. 8:09-cv-1606 (D. Md. June 26, 2009); *Miles v. Reginoe*, C.A. No. S-94-2663 (D. Md. Oct. 7, 1994); *Miles v. Robinson*, C.A. No. S-95-899 (D. Md. Mar. 31, 1995); *Miles v. Chance*, C.A. No. S-95-1163 (D. Md. May 1, 1995); *Miles v. Robinson*, C.A. No. S-96-695 (D. Md. Mar. 13, 1996); and *Miles v. Governor*, C.A. S-96-1921 (D. Md. June 28, 1996). The Court takes further judicial notice that Plaintiff has filed numerous civil cases and appeals since 2015.

6. The district court has a responsibility to inquire *sua sponte* under Fed. R. Civ. P. 17(c)(2), whether a *pro se* litigant is incompetent to litigate his action and is, therefore, entitled to either appointment of a guardian ad litem or other measures to protect his rights. *Powell v. Symons*, 680 F.3d 301, 303, 307 (3d Cir. 2012). Rule 17(c)(2) provides that "[t]he court must appoint a guardian ad litem-or issue another appropriate order-to protect a minor or incompetent person who is unrepresented in an action."

7. Rule 17(c) applies "[i]f a court [is] presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court receive[s] verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." *Powell*, 680 F.3d at 307 (3d Cir. 2012) (citing *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003)). The court "need not inquire *sua sponte* into a *pro se* plaintiff's mental competence based on a litigant's bizarre behavior alone,

3

even if such behavior may suggest mental incapacity" but, "if there has been a legal adjudication of incompetence and that is brought to the court's attention, the Rule's provision is brought into play." *Id.* (citations omitted). The decision whether to appoint a next friend or guardian ad litem rests with the sound discretion of the district court. *Powell*, 680 F.3d at 303.

8. In the instant action, while Plaintiff makes conclusory allegations of memory loss and possibly mental illness, he has failed to submit any verifiable evidence of incompetence to this Court. The medical records he submitted dated from early 2018, indicate he suffers from depression, is administered medication, and is compliant in treatment. Nothing indicates that Plaintiff is incompetent. Thus, in accordance with *Powell*, this Court has no duty to conduct a *sua sponte* determination of competency under Rule 17(c)(2).

9. A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 143, 156-18 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

10. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

>    (1) the plaintiff's ability to present his or her own case;
>    (2) the difficulty of the particular legal issues;
>    (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
>    (4) the plaintiff's capacity to retain counsel on his own behalf;
>    (5) the extent to which a case is likely to turn on credibility determinations; and
>    (6) whether the case will require testimony from expert witnesses.

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request."; *Tabron*, 6 F.3d at 153 (no right to counsel in a civil suit).

*See Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-57. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

11. After reviewing Plaintiff's request, the Court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. To date, the filings in this case demonstrate Plaintiff's ability to articulate his claims and represent himself. Moreover, Plaintiff is an experienced litigant. Finally, this case is in its early stages and there is no operative pleading. Thus, in these circumstances, the Court will deny without prejudice to renew Plaintiff's request for counsel. (D.I. 20).

12. **Conclusion**. For the above reasons, the Court will: (1) grant Plaintiff's motion for reconsideration (D.I. 21) to the extent that the case will be reopened and Plaintiff will be given leave to amend; and (2) deny without prejudice to renew Plaintiff's request for counsel (D.I. 20). An appropriate order will be entered.

_____
The Honorable Maryellen Noreika
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KELVIN MILES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 19-871 (MN) ) |
| PROCTOR AND GAMBLE MANUFACTURING COMPANY, et al., | ) ) ) ) |
| Defendants. | ) |

## **ORDER**

For the reasons set forth in the Memorandum issued on this date, IT IS HEREBY ORDERED this 8th day of April 2020 that:

1. The Clerk of Court is directed to **REOPEN** the case.

2. Plaintiff's motion for reconsideration (D.I. 21) is **GRANTED** to the extent that the case is reopened and Plaintiff is given leave to amend to cure his pleading defects.

3. Plaintiff shall file an amended complaint on or before June 8, 2020. Plaintiff is placed on notice that the Clerk of Court will be directed to close the case should Plaintiff fail to timely file an amended complaint.

4. Plaintiff's request for counsel (D.I. 20) is **DENIED** without prejudice to renew.   .

The Honorable Maryellen Noreika
United States District Judge