IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KELVIN MILES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-871 (MN) |
| | ) | |
| PROCTOR AND GAMBLE | ) | |
| MANUFACTURING COMPANY and ASTRA | ) | |
| ZENECA PHARMACEUTICAL COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Kelvin Miles, FMC Rochester, Rochester, Minnesota, Pro Se Plaintiff.

November 18, 2020
Wilmington, Delaware

NOREIKA, U.S. DISTRICT JUDGE:

## I.   INTRODUCTION

Plaintiff Kelvin Miles ("Plaintiff"), an inmate at FMC Rochester in Rochester, Minnesota, commenced this action on May 9, 2019.  (D.I. 1).  Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis.*  (D.I. 9).  The original complaint was dismissed and Plaintiff was given leave to file an amended complaint.  (D.I. 11, 12, 25).  This Court proceeds to review and screen the Amended Complaint, filed April 25, 2020, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a).  Also before the Court is Plaintiff's request for counsel and motion for a show cause order.  (D.I. 24).

## II.   BACKGROUND

This case concerns what Plaintiff describes as the forced administration of Haldol Deconate intramuscular injections every two weeks without his consent.  (D.I. 1 at 3; D.I. 25 at 2).  This Court dismissed Plaintiff's original complaint upon screening and gave Plaintiff leave to amend on or before November 24, 2019.  (D.I. 11, 12).  The original Complaint was dismissed as legally frivolous and for failure to state claims upon which relief may be granted.  Specifically, this Court found that Plaintiff relied upon unknown statutes to support his claims and that he attempted to raise constitutional claims but did not name state or federal actors as defendants as required for claims arising under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 389 (1971).  (D.I. 11 at 5, 6).

Plaintiff was warned that the case would be closed should he fail to timely amend.  (*Id*.).  On December 10, 2019, the case was closed after Plaintiff failed to file an amended complaint.  (D.I. 19).  Plaintiff filed a motion for new trial and show cause order, which the Court construed as a motion for reconsideration.  (D.I. 21).  On April 8, 3030, the motion for reconsideration was

granted given Plaintiff's *pro se* status, but noting that there was no basis to change the order dismissing the case.  (D.I. 23 at 3).  Plaintiff was given until June 8, 2020, to file an amended complaint.  (D.I. 23 at 6).

Plaintiff filed an amended complaint on April 28, 2020 and, at the same time, filed a combined request for counsel and motion for a show cause order.  (D.I. 24, 25).  Plaintiff also submitted medical records on April 28, 2020 and June 15, 2020 in support of his Amended Complaint.  (D.I. 26, 27).

## III.   <u>DISCUSSION</u>

Except for the order of the text, the Amended Complaint is identical to the dismissed original complaint.  Pages 1 and 4 of the Complaint and Amended Complaint are identical; page 3 of the original Complaint is identical to page 2 of the Amended Complaint; and page 3 of the original Complaint and page 2 of the Amended Complaint are identical.  (*Compare* D.I. 1 to D.I. 25).  The only difference between the original Complaint and Amended Complaint is that concurrent with the filing of the Amended Complaint Plaintiff submitted medical records to support his claims.  This Court will not reiterate the allegations as they were fully discussed in the Court's October 24, 2019 Memorandum.  (D.I. 11 at 2-3).

With the new filings, Plaintiff did not cure his pleading defects.  Indeed, the submitted medical records discount his claims.  Plaintiff alleges that he "never signed a consent form to his knowledge" for the administration of Haldol.  (D.I. 25 at 2).  The medical records, however, state that a consent is on file for Haldol administered both orally and intra-muscularly.  (D.I. 26 at 4; D.I. 27-1 at 1).

As is well-established, a federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). Plaintiff failed to cure his pleading defects despite the fact that he was given an opportunity to do so. Even though Plaintiff proceeds *pro se*, and his Amended Complaint is liberally construed, it is deficient for the reasons discussed in this Court's analysis when it dismissed the original complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). In light of the fact that Plaintiff made no effort to correct the pleading deficiencies, this Court finds further amendment futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

## IV.    CONCLUSION

For the above reasons, this Court will: (1) deny as moot Plaintiff's request for counsel and motion for a show cause order (D.I. 24); and (2) dismiss the Amended Complaint as legally frivolous pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). This Court finds amendment futile.

An appropriate Order will be entered.