IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KELVIN MILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 19-871 (MN) |
| ) | |
| PROCTOR AND GAMBLE ) | |
| MANUFACTURING COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 7th day of December 2020;

**Introduction**.  Plaintiff Kelvin Miles ("Plaintiff"), an inmate at FMC Rochester in Rochester, Minnesota, filed this action pursuant to "Title 15 15 U.S.C. Section 1102 and 63 A AM 2d and under the Due Process and Equal Protection Clauses of the Fifth and Fourteenth . . . Amendments."  (D.I. 1 at 4).  He appears *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 9).  On December 10, 2019, the Court dismissed and closed the case after Plaintiff failed to timely file an amended complaint.  (*See* D.I. 20).  Plaintiff filed a motion for new trial and show cause order, construed as a motion for reconsideration and, given his *pro se* status, the motion for reconsideration was granted and Plaintiff was given leave to file an amended complaint..  (D.I. 21, 23).  Plaintiff did not cure his pleading defects and the Amended Complaint was dismissed as legally frivolous on November 18, 2020.  (D.I. 30, 31).  Plaintiff has filed a motion for a new trial and for reconsideration.  (D.I. 32).

**Motion for Reconsideration**.  The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet.  The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence."  *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  "A proper Rule 59(e) motion . . . must

rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

Plaintiff seeks to amend the complaint through his motion for reconsideration by adding new defendants, stating that he does not know who all the defendants are, and asking for discovery. (D.I. 32). Notably, Plaintiff does not address the fact that his Complaint and Amended Complaint were almost identical and that he failed to cure his pleading defects through amendment.

Plaintiff has failed to set forth any intervening changes in controlling law, new evidence, or clear errors of law or fact made by the Court to warrant granting reconsideration. *See Max's Seafood Café*, 176 F.3d at 677. Therefore, his motion will be denied.

For the above reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for New Trial and Reconsideration of Order (D.I. 32) is DENIED.

_____
The Honorable Maryellen Noreika
United States District Judge

2