IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KELVIN MILES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-871 (MN) |
| | ) | |
| PROCTOR AND GAMBLE | ) | |
| MANUFACTURING COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM ORDER</u>

At Wilmington this 26th day of March 2021;

**Introduction**.    Plaintiff Kelvin Miles ("Plaintiff"), an inmate at FMC Rochester in Rochester, Minnesota, filed this action on May 9, 2019.    (D.I. 1).    He appears *pro se* and has been granted leave to proceed *in forma pauperis*.    (D.I. 9).    On December 10, 2019, the Court dismissed and closed the case after Plaintiff failed to timely file an amended complaint. (*See* D.I. 20).    On December 7, 2020, this Court denied Plaintiff's motion for reconsideration and request for counsel.    (D.I. 33).    Plaintiff then filed a combined motion to amend and for reconsideration.    (D.I. 34).    He again requests counsel.    (D.I. 36).

**Motion for Reconsideration**.    The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet.    The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence."    *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).    "A proper Rule 59(e) motion . . . must rely on one of three grounds:    (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA*

*Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).   A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made.   *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).   Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided."   *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).   Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension."   *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

Plaintiff asks this Court to allow him to file a motion to amend motions for reconsideration of orders denied by this Court on April 28, June 15, and December 7, 2020.   In the motion, Plaintiff provides his proposed amendments yet the proposed amendments do not cure his pleading defects.

Plaintiff has failed to set forth any intervening changes in controlling law, new evidence, or clear errors of law or fact made by this Court to warrant granting reconsideration.   *See Max's Seafood Café*, 176 F.3d at 677.   In addition, it is futile to allow amendment based upon Plaintiff's proposed amendment.   *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (futility in amendment can justify a denial of leave to amend).

**Request for Counsel**.   Plaintiff has renewed his request for counsel.   The motion for appointment of counsel does not inform this Court why counsel is necessary.   (D.I. 36).   In addition, there is no operative pleading, the case does not have arguable merit in fact or law, and it is closed.   *See Tabron v. Grace*, 6 F.3d 157, 155 (3d Cir. 1993).   The motion will be denied as moot.

For the above reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Amend Motions for Reconsideration (D.I. 34) is DENIED and Plaintiff's Motion to Appoint Counsel (D.I. 36) is DENIED as moot.

The Honorable Maryellen Noreika
United States District Judge