IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KELVIN MILES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-871 (MN) |
| | ) |
| PROCTOR AND GAMBLE | ) |
| MANUFACTURING COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM ORDER

At Wilmington this 21st day of January 2022;

**Introduction**.   Plaintiff Kelvin Miles ("Plaintiff"), an inmate at FMC Rochester in Rochester, Minnesota, filed this action on May 9, 2019.  (D.I. 1 at 4).  He appears *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 9).  On November 18, 2020, this Court dismissed the case as legally frivolous.  (D.I. 30, 31).  On December 7, 2020, this Court denied Plaintiff's combined motion for a new trial and reconsideration.  (D.I. 33).  Plaintiff then filed a motion to amend, motions for reconsideration, and a request for counsel, all of which were denied on March 26, 2021.  (D.I. 40).  Pending before the Court are two additional motions: two to amend/correct the amended complaint, and another which is a combined motion for reconsideration and to appoint counsel.  (D.I. 41, 43, 44).

**Motion for Reconsideration**.   Plaintiff moves for reconsideration of the March 26, 2021 order that denied his motion to amend, motions for reconsideration and denied as moot his request for counsel.  (D.I. 43).  The standard to obtain relief under Rule 59(e) is difficult to meet.  The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  "A proper Rule 59(e) motion . . . must rely on one of three grounds:

(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made.  *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).  Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided."  *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).  Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension."  *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

Plaintiff seeks reconsideration to clarify existing facts and make known the damages he suffered.  (D.I. 43 at 1).  He describes his damages and argues that "clearly the listed damages are enough . . . to warrant reconsideration and continue the current suit."  (*Id*. at 3).  Plaintiff has failed to set forth any intervening changes in controlling law, new evidence, or clear errors of law or fact made by this Court to warrant granting reconsideration.  *See Max's Seafood Café*, 176 F.3d at 677.  Therefore, the motion for reconsideration will be denied.

**Motion to Amend**.  Once again Plaintiff seeks to amend.  (D.I. 41, 44). Plaintiff has been given ample opportunity to cure his pleading defects to no avail.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (The court may curtail or deny a request for leave to amend where there is "repeated failure to cure deficiencies by amendments previously allowed" and there would be "futility of amendment.").  This Court has reviewed Plaintiff's filings and find that it is futile to allow amendment based upon Plaintiff's proposed amendments.  *See Shane v. Fauver*, 213 F.3d

113, 115 (3d Cir. 2000) (futility in amendment can justify a denial of leave to amend). The motions will be denied.

**Request for Counsel**.  Plaintiff has renewed his request for counsel. (D.I. 43). The motion will be denied. There is no operative pleading, the case does not have arguable merit in fact or law, and it is closed. *See Tabron v. Grace*, 6 F.3d 157, 155 (3d Cir. 1993). The motion will be denied as moot.

For the above reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to amend (D.I. 41, 44) are DENIED.

2. Plaintiff's motion for reconsideration and to appoint counsel (D.I. 43) is DENIED.

3. The case remains CLOSED.

_____
The Honorable Maryellen Noreika
United States District Judge