IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KELVIN MILES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-871 (MN) |
| | ) |
| PROCTOR AND GAMBLE | ) |
| MANUFACTURING COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington, this 8th day of April 2022:

1. **Introduction**.  Plaintiff Kelvin Miles ("Plaintiff"), an inmate at FMC Rochester in Rochester, Minnesota, filed this action pursuant to "Title 15 15 U.S.C. Section 1102 and 63 A AM 2d and under the Due Process and Equal Protection Clauses of the Fifth and Fourteenth . . . Amendments."  (D.I. 1 at 4).  He appears *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 9).  On November 18, 2020, this Court dismissed the case as legally frivolous.  (D.I. 30, 31).  On December 7, 2020, this Court denied Plaintiff's combined motion for a new trial and reconsideration.  (D.I. 33).  Plaintiff then filed a motion to amend, motions for reconsideration, and a request for counsel, all of which were denied on March 26, 2021. (D.I. 40).  Next Plaintiff filed two additional motions – two to amend/correct the amended complaint, and a combined motion for reconsideration and to appoint counsel.  (D.I. 41, 43, 44).  On January 21, 2022, this Court denied the motions to amend and the motion for reconsideration and to appoint counsel.  (D.I. 46).  Plaintiff then filed a combined motion for reconsideration of the January 21, 2022 order and a request for counsel.  (D.I. 47).

2. **Motion for Reconsideration**.  The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet.  The purpose of a motion for reconsideration is to "correct

manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

3.  Plaintiff moves for reconsideration on the grounds that medical records show Defendants manufactured Haldol to cause depression. He also asks the Court to reconsider the denial of counsel on the grounds that he has limited law library access, he will be prejudiced without counsel, he has a seventh grade education and no law degree. Plaintiff has failed to set forth any intervening changes in controlling law, new evidence, or clear errors of law or fact made by this Court to warrant granting reconsideration. *See Max's Seafood Café*, 176 F.3d at 677. In addition, the request for counsel will be denied for the reasons previously discussed by this Court in its March 26, 2021 memorandum and order and January 21, 2022 memorandum order. The combined motion for reconsideration and request for counsel will be denied.

4. **Conclusion**. THEREFORE, for the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's combined motion for reconsideration and request for counsel (D.I. 47) is DENIED.

_____
The Honorable Maryellen Noreika
United States District Judge